# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Aloha Housewares, Inc.

## DEFENDANTS
Fanimation Design & Manufacturing, Inc.

**(b)** County of Residence of First Listed Plaintiff: **Dallas County, Texas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Theodore G. Baroody, John R. Emerson
Haynes and Boone LLP
901 Main Street, Suite 3100
Dallas, Texas 75202
(214) 651-5000

Attorneys (If Known)

RECEIVED APR 11 2003
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 810 Selective Service |
| | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☒ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC §§ 2201, 2202, 15 USC § 1125, Declaratory judgment of trademark invalidity and non-infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** Declaratory Judgment

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE: 4/11/03
SIGNATURE OF ATTORNEY OF RECORD: Theodore G. Baroody

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG JUDGE ____

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 11 2003

CLERK, U.S. DISTRICT COURT
By _____
  Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALOHA HOUSEWARES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| FANIMATION DESIGN & | § | _____ |
| MANUFACTURING, INC. | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT AND APPLICATION FOR DECLARATORY JUDGMENT

Aloha Housewares, Inc. files this its Original Complaint and Application for Declaratory Judgment against Fanimation Design & Manufacturing, Inc. and would respectfully show the Court the following:

### Parties

1. Plaintiff Aloha is a corporation organized under the laws of the State of Texas and maintains its principal place of business at 6781 Exchange Drive, Mansfield, Texas 76063.

2. On information and belief, Defendant Fanimation is a corporation organized under the laws of the State of Indiana, with its principal place of business at 945 Monument Drive, Lebanon, Indiana 46052. On information and belief, Fanimation does business in Texas and within this judicial district.

## Jurisdiction and Venue

3. Jurisdiction is proper in this Court under 28 U.S.C. §§ 2201 and 2202 because a claim is presented for declaratory judgment and under 28 U.S.C. § 1338(b) and 15 U.S.C. § 1121 because this claim arises under the laws of the United States relating to trademarks. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## The Controversy Between the Parties

4. Fanimation asserts that the three-dimensional product configuration of its palm blade-shaped ceiling fan blade (the "Palm Blade Trade Dress") is protectable trade dress. Fanimation filed with the United States Patent and Trademark Office ("PTO") an application for registration of the Palm Blade Trade Dress as a trademark. A copy of this proposed trademark registration application status – Serial No. 75/921703 ("the '703 Application") – is attached as Exhibit "A" to this Complaint.

5. After the PTO published the '703 Application for opposition, Aloha determined that it would be damaged by the registration of the Palm Blade Trade Dress as a federally-registered trademark and, moreover, that the Palm Blade Trade Dress was not inherently distinctive, did not have acquired distinctiveness (or secondary meaning), and was functional. Aloha therefore filed with the Trademark Trial and Appeal Board ("TTAB") a Notice of Opposition to the federal registration of the Palm Blade Trade Dress.

6. Fanimation subsequently filed suit against Aloha in the United States District Court for the Southern District of Indiana, Indianapolis Division (the "Indiana Suit"), alleging,

*inter alia*, that Aloha's "Galleria" ceiling fan blades infringed and diluted Fanimation's alleged Palm Blade Trade Dress under 15 U.S.C. §§ 1125(a) and (c).

7. The TTAB suspended the opposition proceedings pending the outcome of the Indiana Suit.

8. The district court in Indianapolis dismissed Fanimation's Indiana Suit by a Final Judgment dated March 27, 2003 because it determined that the court did not have jurisdiction over Aloha.

9. Therefore, there exists a substantial and continuing justiciable controversy between Aloha and Fanimation as to Fanimation's alleged trademark rights in the Palm Blade Trade Dress or its right to threaten or to maintain suit for infringement or dilution of the Palm Blade Trade Dress, or Fanimation's legal right to demand that Aloha cease and desist its importation and/or offer for sale and/or sale of its ceiling fan product.

## Declaration of Non-Protectability and Non-Registrability

10. Aloha repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

11. The Palm Blade Trade Dress has not acquired the requisite distinctiveness (or secondary meaning) to be entitled to protection under 15 U.S.C. § 1125(a) as unregistered trade dress or under 15 U.S.C. § 1125(c) as a famous mark.

12. The Palm Blade Trade Dress is functional and therefore not entitled to protection under 15 U.S.C. § 1125(a) as unregistered trade dress.

13. The Palm Blade Trade Dress has not acquired the requisite distinctiveness (or secondary meaning) to be entitled to registration under 15 U.S.C. § 1051 *et seq.*

### Declaration of Non-Infringement and Non-Dilution

14. Aloha does not infringe or dilute any protectable feature of the Palm Blade Trade Dress.

### Prayer

WHEREFORE, plaintiff Aloha respectfully requests entry of judgment and an order as follows:

a. Declaring and adjudging that the Palm Blade Trade Dress is not entitled to protection as unregistered trade dress under 15 U.S.C. § 1125(a) or as a famous mark under 15 U.S.C. § 1125(c);

b. Declaring and adjudging that the Palm Blade Trade Dress is not entitled to registration under 15 U.S.C. § 1051 *et seq.*;

c. Declaring and adjudging that Aloha does not infringe or dilute any protectable feature of the Palm Blade Trade Dress;

d. Enjoining Fanimation, its officers, agents, representatives, employees, and attorneys, and those in active concert or participation with them, from asserting or attempting to enforce the Palm Blade Trade Dress against Aloha or its customers;

e. Finding that this is an exceptional case and awarding Aloha its reasonable attorney fees pursuant to 15 U.S.C. § 1117(a);

f. Awarding Aloha its costs and expenses in bringing and prosecuting this action; and

PLAINTIFF'S ORIGINAL COMPLAINT AND
APPLICATION FOR DECLARATORY JUDGMENT – Page 4
1122059v1

g.  Awarding Aloha such other and further relief that this Court may deem just and proper.

### Demand for Jury Trial

Aloha hereby demands a trial by jury on all issues in this matter.

Respectfully submitted,

*Theodore G. Baroody* w/p JRE

Theodore G. Baroody
Texas State Bar No. 01797550
John R. Emerson
Texas State Bar No. 24002053
Haynes and Boone, L.L.P.
901 Main Street, Suite 3100
Dallas, Texas  75202-3789
Telephone:   (214) 651-5000
Telecopier:   (214) 651-5940

**ATTORNEYS FOR PLAINTIFF
ALOHA HOUSEWARES, INC.**